ALSTHOM ATLANTIQUE & COGENEL, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT, WESTINGHOUSE ELECTRIC CORPORATION, DEFENDANT-INTERVENOR

Court No. 82-4-00474

Before RAO, *Judge.*

(Dated July 21, 1983)

*Donohue and Donohue (John M. Peterson* on the brief) for the plaintiff.

*J. Paul McGrath,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division (*A. David Lafer* on the brief) for the defendant.

*Steptoe & Johnson (Valerie Amy Slater* on the brief) for the intervenor.

RAO, *Judge:* Plaintiffs, Alsthom Atlantique and Cogenel, Inc., have moved for an order, pursuant to CIT Rule 56.1, that the above-entitled action be submitted for determination by a motion for review of the administrative determination on the agency records and asks that the defendants be required to serve and file their responses to plaintiffs' motion papers and brief no later than 30 days following the service and filing of plaintiffs' motion papers and brief, *inter alia.*

The United States, defendant, has asked the court to allow it 60 days to respond to plaintiffs' motion, which will be dispositive of the issues involved in this action. It indicates that it will not be able to prepare a complete response to the motion and brief in the 30 days provided for in Rule 56.1(b) of this court.

Westinghouse Electric Corporation, Intervenor, also opposes the briefing schedule proposed by the plaintiffs, and also requests 60 days to respond to the motion. It reiterates the reasons set forth by the defendant, United States.

The language of Rule 56.1(b) is mandatory in that it provides that a response shall be made within 30 days after service of the motion for review on the basis of the record made before the agency. We note however, that pursuant to Rule 6(b) the court may, on motion, extend the period of time for an act required by the rules for good cause shown. The defendant and the intervenor are anticipating that they will not be able to respond to the motion and the supporting briefs. We believe that these positions are inappropriate and not well taken at this time. Should the defendant and the intervenor, after they have been served with plaintiffs' motion and brief, find that they can not, for good cause, respond within the time prescribed by Rule 56.1, they can then move for an extension of time within which to respond.

Plaintiffs take the position that the defendant's and intervenor's oppositions to their motion constitute a cross-motion for an extension of time and for leave to file reply briefs. Neither the United States nor Westinghouse in their responses request or refer to reply or sur-reply briefs, although the proposed orders submitted to the court provide for them. It is the opinion of this court that these do not constitute cross-motions for leave to file sur-reply briefs and the court does not decide whether such briefs are proper, necessary or appropriate in this action. It is therefore,

ORDERED, that plaintiffs' motion be granted; and that this action shall be submitted for determination as prescribed by Rule 56.1; and it is further

ORDERED, that plaintiffs serve and file their motion papers and brief no later than 20 days after the date of this Order; and it is further

ORDERED, that defendants serve and file their responses to plaintiffs' motion papers and brief no later than 30 days following service and filing of plaintiffs' motion papers and brief; and it is further

ORDERED, that plaintiffs serve their reply brief within 10 days after service and filing of defendants' response.